**COWSER et al. v. THE STATE ex use BURT, Adm'r.**

CONFEDERATE COURTS—*Acts of void.*—All acts and proceedings of the different courts of the State, done and had under authority of the Convention of 1861, or while the State was in rebellion, are void.

APPEAL FROM UNION CIRCUIT COURT.

HON. G. W. McCOWN, *Circuit Judge.*

*J. H. Carlton,* for Appellants.

GREGG, J.—Burt, as the administrator *de bonis non*, of the estate of John O'Guinn, brought suit against William R. Cowser, former administrator of said estate, and the sureties upon his official bond, alleging that they executed bond in the usual form; that said William R. took into possession the effects of the estate; that in 1861 he removed from the State; that the Court of Probate required him to make settlement; that he failed to do so, and that in August, 1861, said court ordered his letters revoked, and adjusted his account and found $3063 in his hands, and thereupon appointed said Burt such administrator *de bonis non*, and that said effects had not been turned over according to the order of the Probate Court, etc.

William R. Cowser was not served with process. James Cowser and Hicks, the securities, had notice; they appeared and demurred to the declaration; their demurrer was overruled, and, it seems, final judgment rendered against all three.

The demurrer should have been sustained.

The 25th section of the bill of rights, of our present Constitution, declares that, "The action of the Convention of the State of Arkansas, which assembled in the city of Little Rock on the 4th day of March, 1861, was, and is, null and void. All the actions of the State of Arkansas, under authority of said Convention, of its ordinances or its Constitution, whether legislative, executive, *judicial* or military, was, and is hereby declared null and void," etc.

The acts alleged to have been done by said Probate Court, were *judicial acts*, under authority of the Convention of 1861, and consequently void, as enacted and declared by the present Constitution. The courts are bound by the Constitution, in force, and the acts of the Legislature consistent therewith, and they cannot now give the acts of that court the force and effect of judgments. See *Penn vs. Tollison*, 26 *Ark.* 545; *Thompson vs. Mankin*, 26 *Ark.* 586; *and Knox vs. Vinsant*, 27 *Ark.*

The judgment is reversed, and the cause remanded for further proceedings.